## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTOPHER B. JACKSON,

                    Petitioner,                    Case Number: 05-CV-74360

v.                                            HON. VICTORIA A. ROBERTS

RAYMOND BOOKER,

                    Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

       Petitioner Christopher B. Jackson is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, pursuant to convictions for second-degree murder, assault with intent to murder, and felony firearm. Petitioner has filed a *pro se* petition for a writ of habeas corpus challenging the constitutionality of these convictions. In response, Respondent filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus on the ground that the petition was not timely filed.

**I.      Procedural History**

       Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder, assault with intent to murder, and felony firearm. He was sentenced to forty to sixty years imprisonment for the murder conviction, twenty to thirty years imprisonment for the assault conviction, and two years imprisonment for the felony-firearm conviction.

       Petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed his convictions. People v. Jackson, No. 116508 (Mich. Ct. App. Nov. 8, 1990). Petitioner did not

seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, April 27, 2006.

In January 1997, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. People v. Jackson, No. 88-13391-01 (Detroit Recorder's Court June 3, 1997). Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. People v. Jackson, No. 211869 (Mich. Ct. App. Sept. 11, 1998). Petitioner did not seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, April 27, 2006.

According to Petitioner, "sometime after November 18, 2002," he filed a second motion for relief from judgment in the trial court asserting newly discovered evidence. *See* Petition at p. 3. The trial court denied the motion. People v. Jackson, No. 88-013391 (Wayne County Circuit Court Jan. 9, 2004). Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both Michigan appellate courts denied leave to appeal. People v. Jackson, No. 257833 (Mich. Ct. App. Nov. 3, 2004); People v. Jackson, No. 127579 (Mich. May 31, 2005).

Petitioner filed the pending petition on November 8, 2005.

## II.   Analysis

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Petitioner's application for habeas corpus relief was filed after April 24, 1996.

Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application.  Lindh v. Murphy, 521 U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. (d)(1)(A).  Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court.  Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2). The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case."  Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. 2388 (May 24, 2004).

In the pending case, Petitioner appealed his convictions to the Michigan Court of Appeals, which issued an opinion affirming his convictions on November 8, 1990.  Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals decision to file a delayed application for leave to appeal.  Petitioner did not file an application for leave to appeal to the Michigan Supreme Court.  Thus, his conviction became final when the time for seeking such review expired, January 3, 1991.  *See* Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan

Supreme Court expires); <u>Brown v. McKee</u>, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); <u>Erwin v. Elo</u>, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). Because Petitioner's conviction became final prior to the AEDPA's effective date, the one-year limitations period commenced on April 24, 1996, when the AEDPA became effective.

The one-year limitations period continued to run until January 1, 1997, when Petitioner filed his motion for relief from judgment in the trial court.[1]  The filing of the motion for relief from judgment, a properly filed application for state collateral review, tolled the limitations period with 114 days remaining.  Petitioner's motion for relief from judgment was denied by the trial court.  Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals, which denied leave to appeal on September 11, 1998.   <u>People v. Jackson</u>, No. 211869 (Mich. Ct. App. Sept. 11, 1998). Petitioner did not seek leave to appeal in the Michigan Supreme Court.

Thus, the limitations period, of which 114 days remained, resumed running on November 6, 1998, when the time for filing an application for leave to appeal in the Michigan Supreme Court expired.  To comply with the one-year limitations period, Petitioner needed to file his habeas petition by March 1, 1999.  Petitioner did not file his habeas petition until November 8, 2005, over five years after the limitations period expired.  Petitioner filed a second motion for relief from judgment on November 18, 2002.[2]  However, this motion did not toll the limitations

---

[1]  The Wayne County Circuit Court docket sheet indicates that the motion for relief from judgment was filed on the same day is was denied by the trial court, June 3, 1997.  However, Petitioner maintains that he filed the motion in January 1997.  In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986).  The Court therefore will assume that the motion was filed on January 1, 1997.

[2]  In the petition, Petitioner states that he filed his second motion for relief from judgment "sometime approximately after 18th of November, 2002."  *See* Petition at p. 3.  For purposes of

period because the one-year limitations period already had expired.  The petition, therefore, is untimely.

Petitioner has failed to articulate any circumstances excusing the untimeliness of his petition.  His case therefore does not warrant equitable tolling of the limitations period.

Accordingly, Petitioner's application is barred by the one-year limitations period.

**III.    Conclusion**

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing is **DENIED AS MOOT**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 3, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on October 3, 2006.

S/Carol A. Pinegar
Deputy Clerk

deciding the summary judgment motion, the Court assumes that Petitioner filed his second motion for relief from judgment on November 18, 2002.  *See* Anderson, 477 U.S. at 251-52.